ALLEN MOORE, to use of Road District Number 1, Township 26, Range 32, Appellant, v. H. N. VAUGHN, Respondent.

St. Louis Court of Appeals, April 18, 1893.

Appeals, Jurisdiction of: CONSTRUCTION OF REVENUE LAWS. The question herein was, whether, in an action for the collection of a road poll tax under section 7816 of the Revised Statutes, it was competent for the defendant to establish by oral testimony that he was not an able-bodied man. *Held*, that the determination of this question involved the construction of the revenue laws of the state, and that the supreme court, therefore, had jurisdiction of the appeal.

*Appeal from the Newton Circuit Court.*—HON. JOS. CRAVENS, Judge.

TRANSFERRED TO SUPREME COURT.

*John T. Sturgis*, for appellant.

*A. J. Harbison*, for respondent.

BOND, J.—This action is for the collection of a road poll tax under section 7816 of the Revised Statutes of 1889. There was a judgment in favor of defendant and an appeal therefrom.

The only point alleged as error by the appellant is, that the court permitted the defendant to establish by oral evidence that he was not an able-bodied man. The appellant insists that the only competent evidence of this fact is a certificate of exemption by the county court under the amendment to that effect adopted in 1887, and carried into the Revised Statutes of 1889, section 7815. The respondent insists, *first*, that the consideration of this question involves the construction of the revenue laws of the state, and, *second*, that this proceeding is one where a political subdivision of the state is a party; and he moves the transfer of the cause to the supreme court under section 3300 of the Revised Statutes of 1889.

We are satisfied from an examination of the sections of the statute (sections 7815 and 7816, Revised Statues, 1889), governing the collection of road poll tax, that the determination of this appeal would involve the construction of the revenue laws of the state. This we are prohibited from doing by the Constitution. We, therefore, order this cause transferred to the supreme court. All the judges concur.